IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO AGUIRRE AND ELIZABETH AGUIRRE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-3199 |
| NATIONSTAR MORTGAGE LLC, | § § | |
| Defendant. | § | |

MEMORANDUM & ORDER

Pending is Defendant Nationstar Mortgage LLC's Motion to Dismiss (Document No. 4). Plaintiffs have filed no response, and the motion is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes as follows.

I. Background

Plaintiffs Ricardo Aguirre and Elizabeth Aguirre ("Plaintiffs") own a home at 4306 Roth Dr., Missouri City, Texas 77459 (the "Property").[1] On or about March 9, 2006, Plaintiffs executed and delivered to the lender a "Texas Home Equity Security Instrument" (herein, "Deed of Trust") conveying the Property in trust to secure the repayment of a Note in the principal amount of

---

[1] Document No. 1-3 ¶ 4.1 (Orig. Pet.).

$880,000.00 to Lehman Bros. Bank ("Lehman").[2] From May, 2006 through January, 2011, Plaintiffs made regular monthly payments, initially to Lehman and later to its assignee, Aurora Bank, F.S.B. ("Aurora").[3] Plaintiffs subsequently experienced a change in employment status and began reviewing the possibility of a loan modification, forbearance agreement, or short sale.[4] Plaintiffs allege that on or about October, 2011, they "entered into a review of loan workout alternatives" with Aurora "to resolve all delinquencies on this mortgage note."[5] Plaintiffs then retained counsel and forwarded to Aurora a document Plaintiffs describe as a "Qualified Written Request" under the Real Estate Settlement Procedures Act.[6]

Plaintiffs additionally "made numerous phone calls" to Aurora until they were notified on or about June, 2012, that Aurora was insolvent and that the mortgage was being assigned to Defendant.[7] Plaintiffs allege that after this transition, they "have encountered a myriad of problems" in their dealings with Defendant,

---

[2] Id.

[3] Id. ¶ 4.2.

[4] Id. ¶ 4.4.

[5] Id. ¶ 4.5.

[6] Id. ¶ 4.6. A copy of the document is attached as Exhibit A to the Original Petition. See Document No. 1-3 at 10-20.

[7] Document No. 1-3 ¶ 4.7.

2

with "no resolution of the aforementioned disputes."[8] Plaintiffs allege that they have been "inundated with collection calls by the Defendant's representative over the last several months with no resolution of any of the discrepancies cited and in violation of the Texas Debt Collection Practices Act," and that "as a result of Defendant's conduct as a mortgage servicer, it has prevented the Plaintiffs from moving forward to proceed with the loan workout alternative of a 'reverse mortgage' that [they] ha[ve] been qualified for regarding [their] homestead."[9] Plaintiffs allege that Defendant "has failed to provide them with 'adequate existence' of the default under the security instrument" and they therefore contest Defendant's right to foreclose on the Property.[10]

Plaintiffs allege causes of action for breach of contract, violation of the Texas Debt Collection Act, and negligence.[11] Defendant moves to dismiss Plaintiffs' Original Petition for failure to state a claim upon which relief can be granted.[12]

---

[8] <u>Id.</u> ¶ 4.8.

[9] <u>Id.</u> ¶¶ 4.9-4.10.

[10] <u>Id.</u> ¶ 4.11.

[11] <u>Id.</u> ¶¶ 5.1-5.9.

[12] Document No. 4.

II. <u>Legal Standard</u>

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. <u>Id.</u>

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See <u>Lowrey v. Tex. A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

III. Analysis

A. Breach of Contract

Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quoting Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.-Houston [1st Dist.] 2001)). Plaintiffs identify the contract as the "Texas Home Equity Security Instrument" signed on or about March 7, 2006.[13]

Plaintiffs claim that Defendant breached its contract by "fail[ing] to acknowledge and respond to [Plaintiffs'] request for an accounting of their loan history," alleging that this failure

---

[13] Document No. 1-3 ¶ 5.1. Plaintiffs did not attach this document (the "Deed of Trust") to their Original Petition, but Defendant has provided a copy, which the Court may consider. Document No. 4, ex. A. See Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (In ruling on a motion to dismiss, the court may consider "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."). Defendant has also provided a copy of the Texas Home Equity Note (the "Note"), which the Court may likewise consider. Document No. 4, ex. B.

has denied them "their legal and statutory rights to confirm the validation of their debt."[14] Plaintiffs do not cite, and the Court has not found, any provision in the Deed of Trust providing for an accounting.[15] Furthermore, an accounting is a remedy, not an independent cause of action. See Moye v. Fed. Home Loan Mortgage Corp., CIV.A. H-12-0502, 2012 WL 3048858, at *5 (S.D. Tex. July 25, 2012) (Ellison, J.) ("Plaintiff's . . . accounting claim has no status independent of plaintiff[']s other claims") (quoting Triple Tee Golf, Inc. v. Nike, Inc., 618 F. Supp. 2d 586, 599 n. 15 (N.D. Tex. 2009)). Therefore, Plaintiffs have not stated a cause of action for breach of contract based on Defendant's failure to provide an accounting.

Plaintiffs further allege that Defendant breached its contract with Plaintiffs by "fail[ing] to comply with [Department of Housing and Urban Development ("HUD")] regulations outlining procedures that must be followed prior to accelerating and foreclosing a loan subject to the [Federal Housing Administration ("FHA")]."[16] Plaintiffs allege that "the Note and Deed of Trust expressly provide that the acceleration and foreclosure on Plaintiffs' loan are subject to limitation through regulations promulgated by the

---

[14] Document No. 1-3 ¶ 5.3.

[15] See Document No. 4, ex. A.

[16] Document No. 1-3 ¶ 5.4.

HUD Secretary."[17] This allegation has no basis in the documents referred to in Plaintiff's pleading and, as Defendant points out and the Court has confirmed by its own reading, the Deed of Trust and Note make no mention of HUD regulations.[18] Moreover, HUD regulations do not independently provide for a private cause of action against a mortgagor. Bassie v. Bank of Am., N.A., 4:12-CV-00891, 2012 WL 6530482, at *3 (S.D. Tex. Dec. 13, 2012) (Hoyt, J.) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 360-362 (5th Cir.1977)). Plaintiffs' claims for breach of contract are therefore dismissed.

B. Texas Debt Collection Act

Plaintiffs allege that Defendant violated the Texas Debt Collection Act ("TDCA") because "they were harassed and subjected to emotional duress while Defendant attempted to collect the debt," and that "[s]pecifically, Defendant as a mortgage servicer failed to timely respond to Plaintiffs' attempt to cure, to obtain a loan modification and those issues discussed above."[19] Plaintiffs do not cite to any specific provision of the TDCA other than its definition of a debt collector, and the Original Petition does not plead any facts that could be construed as harassing behavior under

---

[17] Id.

[18] Document No. 4 at 5.

[19] Document No. 1-3 ¶ 5.8.

the TDCA.[20] Plaintiffs allege that they have been "inundated with collection calls by Defendant's representative over the last several months,"[21] but alleging that Defendant "made repeated telephone calls," without stating facts to support a claim that Defendant's actions were "motivated by an intent to abuse or harass" them is insufficient to state a claim under the TDCA.[22] Carrillo v. Bank of Am., N.A., CIV.A. H-12-3096, 2013 WL 1558320, at *7 (S.D. Tex. Apr. 11, 2013) (Rosenthal, J.). Furthermore, "[a] claim for harassment under § 392.302 does not include a lender's failure to respond to the borrower's cure attempts or its failure to provide modification alternatives." Denley v. Vericrest Fin.,

---

[20] See id.

[21] Id. ¶ 4.9.

[22] Section 392 of the Texas Finance Code, which is part of the TDCA, provides:

> In debt collection, a debt collector may not oppress, harass, or abuse a person by:
> (1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;
> (2) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;
> (3) causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication; or
> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

TEX. FIN. CODE ANN. § 392.302.

Inc., CIV.A. H-12-992, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012). Plaintiffs have therefore failed to state a cause of action under the TDCA.

C. <u>Negligence</u>

A negligence claim requires the following elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. <u>Greater Houston Transp. Co. v. Phillips</u>, 801 S.W.2d 523, 525 (Tex. 1990). Plaintiffs allege that "based on the loan agreement, which specifically incorporated the regulations of [HUD], the Defendants had a duty to mortgagors and mortgage servicers, such as themselves, to provide notice of any transfers, assignment or sale of the note, to properly manage the loan and escrow account, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and when applying for a mortgage modification to protect their rights and not mislead them."[23] Plaintiffs allege that Defendant breached its duty, causing them damage.[24]

As noted above, and contrary to Plaintiffs' allegation, neither the Note nor the Deed of Trust refers to, much less

---

[23] Document No. 1-3 ¶ 5.9.

[24] <u>Id.</u>

9

incorporates, any HUD regulations.[25] Because they do not allege any special relationship giving rise to a duty in tort, Plaintiffs' negligence claim must be dismissed. See <u>Pemberton v. PNC Bank Nat. Ass'n</u>, CIV.A. H-12-756, 2012 WL 2122201, at *3 (S.D. Tex. June 11, 2012) (Rosenthal, J.) (dismissing negligence claim by mortgagor against bank because "[t]he allegations do not support any inference that [the bank] owed a legal duty to [plaintiffs] that it breached.").

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Nationstar Mortgage LLC's Motion to Dismiss (Document No. 4) is GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 13TH day of January, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[25] See Document No. 4, ex. A; <u>id.</u>, ex. B.